UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENITH JEROME CALHOUN,

       Petitioner,                              Case No. 2:25-cv-10489

v.                                     Hon. Brandy R. McMillion
                                         United States District Judge

JEFF TANNER,

       Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO
DISMISS (ECF NO. 7), SUMMARILY DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS (ECF NO. 1), AND DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY**

Kenith Jerome Calhoun ("Petitioner" or "Calhoun"), incarcerated at the
Saginaw Correctional Facility in Freeland, Michigan, filed a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. *See generally* ECF Nos. 1, 2. In his
Petition, Calhoun challenges his conviction for three counts of first-degree criminal
sexual conduct and one count of second-degree criminal sexual conduct.
Respondent moves to dismiss the Petition on a statute of limitations ground. *See*
ECF No. 7. The motion has been adequately briefed so the Court will rule without
a hearing. *See* ECF Nos. 7, 10, 12; E.D. Mich. LR 7.1(f)(2). As explained below,
the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7), and the petition
for a writ of habeas corpus is **SUMMARILY DISMISSED**.

1

# I.

Petitioner was convicted of three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court. ECF No. 2, PageID.199. Direct review of Petitioner's conviction ended in the state courts on May 1, 2018, when the Michigan Supreme Court denied his application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. ECF No. 7, PageID.464. In 2018, Petitioner filed a "Motion to Stay and Abey the Habeas Clock" with this Court. ECF No. 10, PageID.2161. That motion was denied, and his case was dismissed without prejudice for failure to file an actual petition for habeas relief with his motion. *Id*; *see also Calhoun v. Balcarcel,* No. 3:18-cv-12071 (E.D. Mich. July 17, 2018).

On February 4, 2019, Petitioner attempted to file with the trial court a post-conviction motion for relief from judgment. ECF No. 10, PageID.2157-2161. On August 9, 2019, the trial court entered an "Opinion and Order for Return of Insufficient Motion Pursuant to [Mich. Ct. R.] 6.502(D)," indicating that under Mich. Ct. R. 6.502(C), there were several deficiencies in Petitioner's motion. ECF No. 8-15, PageID.1295-98. The trial judge highlighted the following deficiencies:

> "[1] Mr. Calhoun did not list the post-conviction proceedings in the court of appeals and the supreme court; [2] Mr. Calhoun did not identify the attorney(s) who handled the post-conviction matters; [3] Mr. Calhoun did not state whether any of the grounds for the relief requested in his motion for relief

> from judgment were requested before, and if so, at what stage of the proceedings. If the grounds for relief for judgment were not previously raised, Mr. Calhoun must advise as to why they were not raised; [4] Mr. Calhoun did not state whether he was requesting the appointment of counsel and, if so, provide information necessary for the court to determine whether the defendant is entitled to appointment of counsel at public expense."

*Id.* at PageID.1297. The trial court thus returned the motion to Petitioner. *Id.*

On November 1, 2021, Petitioner, through counsel, successfully filed a motion for relief from judgment with the trial court. *See* ECF No. 8-16. The trial court denied the motion on December 9, 2022. ECF No. 8-17. Petitioner claimed he was not properly served with that opinion and order, so the order was apparently reentered on June 8, 2023. ECF No. 2, PageID.215. After which, Calhoun sought leave to appeal in the Michigan Court of Appeals. *Id.* That, too, was denied on April 19, 2024 for failure to establish an error committed by the trial court. *Id.* On August 30, 2024, the Michigan Supreme Court also denied Petitioner's post-conviction application for leave to appeal "because [he] failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Id.* Calhoun attempted to request that the Michigan Supreme Court reconsider its decision, but the high court rejected to do so because the request was untimely filed. ECF No. 8-22, PageID.2142. Plaintiff has now filed a petition before this Court, *see* ECF Nos. 1, 2, and Defendant moves to dismiss it, *see* ECF No. 7. The parties' briefs are sufficient so a hearing is not necessary. E.D. Mich. LR 7.1(f)(2).

## II.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).   The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the habeas corpus statute in several respects—one of which was to mandate a statute of limitations for habeas actions.  28 U.S.C. § 2244(d).  The Act imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

4

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

### III.

### A.   HABEAS PETITION

On Petitioner's direct appeal, the Michigan Supreme Court denied his application for leave to appeal on May 1, 2018. ECF No. 7, PageID.464. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, Petitioner's judgment became final on July 30, 2018, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). The statute of limitations began

running the next day.  Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than July 31, 2019 for the petition to be timely filed.  *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed his first post-conviction motion for relief from judgment with the trial court on February 4, 2019.  ECF No. 10, PageID.2157-2161.  Although 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, an application for state post-conviction relief is only considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

But here, the trial judge rejected Petitioner's motion and returned it to him pursuant to M.C.R. 6.502(D), finding that Petitioner's proposed post-conviction motion was deficient because it did not substantially comply with M.C.R. 6.502(C), in that the motion did not contain certain information required by that court rule. ECF No. 8-15, PageID.1297.  Federal courts defer to state courts on issues of state

law and procedure; so this Court must defer to the state trial court's finding that Petitioner's initial post-conviction motion did not substantially conform with the requirements under M.C.R. 6.502(C).  *See Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil*, 276 F.3d at 771-72.  So the state trial court's determination that Petitioner's motion had to be rejected under M.C.R. 6.502(C) governs whether the motion tolled the statute of limitations under § 2244(d)(2).  *Vroman*, 346 F.3d at 603; *see also Ellis v. Smith*, No. 1:15-CV-212, 2017 WL 11497350, at *2 (W.D. Mich. Feb. 9, 2017) (federal court was bound by state trial court's determination that the petitioner's post-conviction motion did not substantially conform to the filing requirements under M.C.R. 6.502(C) and could not second guess that decision). Because Petitioner's first post-conviction motion was rejected for nonconformity, it was improperly filed and did not toll the limitations period pursuant to § 2244(d)(2). *Id.*

Moreover, if Petitioner's first motion could somehow toll the limitations period, any tolling ended on August 9, 2019 when the trial judge returned the post-conviction motion to Petitioner.  M.C.R. 7.202(6)(b) only permits appeals from final orders.  The trial judge's order returning Petitioner's motion to him because it did not conform to Michigan's court rules was not a final order within the meaning of Mich. Ct. R. 7.202(6)(b).  *See, e.g., Allison v. Berghuis*, No. 1:09-CV-59, 2009 WL 6338020, at *2 (W.D. Mich. Feb. 10, 2009), *report and recommendation adopted*,

No. 1:09-CV-059, 2010 WL 1418564 (W.D. Mich. Apr. 7, 2010).  In other words, Calhoun's one-year habeas statute of limitations clock restarted on August 10, 2019. Hence, he had 177 days remaining, or until February 3, 2020 to either file a petition for writ of habeas corpus or to re-file his post-conviction motion with the trial court. ECF No. 10, PageID.2162.

Petitioner filed his subsequent motion for relief from judgment on November 1, 2021, after the limitations period expired under either of the calculations above. *See* ECF No. 8-16.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled.  *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002).  The instant petition is therefore untimely.

Petitioner argues in his reply that the Court should not dismiss his petition as untimely because his claims are meritorious.  ECF No. 10, PageID.2165.  Under Rule 4 of the Rules Governing Section 2254 Cases, it is permissible for a respondent to file a motion to dismiss or a motion summary judgment on statute of limitations grounds, rather than an answer on the merits.  *See Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004).  It was thus proper for Respondent to file a motion to dismiss the petition on statute of limitations grounds, rather than initially filing an answer addressing the merits.  Notably, a merits decision is unnecessary where a

district court denies a habeas petition on statute of limitations grounds.  *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Nonetheless, the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, Petitioner fairs no better under this argument because equitable tolling does not apply in this instance.  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition.  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one-year limitations period. *Id*.

Petitioner argues that he is entitled to equitable tolling because of the COVID-19 pandemic.  ECF No. 10, PageID.2161-2165.  He points to Executive Order 2020-4 which was signed by Governor Gretchen Whitmer on March 10, 2020, declaring a state of emergency in the State of Michigan because of the pandemic.  *Id.* at PageID.2162.  Petitioner argues that given the restrictions placed on prisoners by the state of emergency declaration, access to the prison law library was non-existent because inmates were on lockdown for 23 hours a day to prevent the spread of the

virus.  Inmates' access to legal resources, legal writers (prisoner paralegals), and communication "with those outside of prison that could help them" was greatly limited.  *Id.* at PageID.2163-2164.

Although the restrictions placed on prisoners because of the COVID-19 pandemic can, in some cases, justify equitable tolling of the limitations period, here, that reasoning does not hold.  *See Pniewski v. Artis,* No. 22-1655, 2022 WL 18457627 (6th Cir. Oct. 12, 2022) (quoting *Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 638 (E.D. Mich. 2003)) ("Events or actions occurring after the expiration of the limitations period cannot serve to extend that period or excuse [a litigant's] failure to comply with the limitations period.").  In *Pniewski*, the Sixth Circuit held that "[t]he tragic events of the COVID-19 pandemic, and its restrictions on prisoner life in Michigan, cannot toll the limitations period in this case because it had long since expired prior to the pandemic."  Such is the case as it pertains to Calhoun's petition as well.

Petitioner separately claims that he is entitled to equitable tolling because his education ended after the 10th grade.  ECF No. 10, PageID.2163-2164.  An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period.  *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).  Thus, Petitioner is not entitled to equitable tolling on this basis.

Counsel lastly argues that the limitations period should be equitably tolled because they mistakenly believed that Petitioner's first post-conviction motion was still pending in the state trial court until the state trial court judge denied post-conviction relief on December 9, 2022. ECF No. 10, PageID.2164-2165. Attorney miscalculation is simply not sufficient to warrant equitable tolling of a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment, particularly in contexts where prisoners do not have the constitutional right to counsel, such as on post-conviction review. *See Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-757 (1991)). As a general rule, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado,* 337 F.3d at 644 (quoting *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002)). It stands that Petitioner is not entitled to equitable tolling on this basis either.

Rather, the one-year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

11

doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Petitioner's case falls outside of the actual innocence tolling exception because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged.  *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).  Petitioner claims he has new evidence from his girlfriend Erika Fuller ("Fuller"), whom he alleges would have testified that the victim was not wearing the clothes with Calhoun's DNA on them mere hours before the sexual assault occurred. Fuller, however, was not in the home when the assault actually took place.  Fuller's proposed testimony could, at most, impeach the victim's credibility.  Impeachment evidence is not sufficient evidence of actual innocence to support a free-standing innocence claim or to excuse a procedural default.  *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (concluding that newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (stating that newly discovered impeachment evidence "will seldom, if ever," establish actual innocence).  Impeachment evidence is therefore insufficient to

establish actual innocence to toll the limitations period.  *See Sherratt v. Friel,* 275 F. App'x 763, 768 (10th Cir. 2008).  Petitioner failed to show that he is actually innocent of the crime, so as to excuse the untimeliness of his petition.  Accordingly, the Court will summarily dismiss the petition for writ of habeas corpus with prejudice.

**B.      CERTIFICATE OF APPEALABILITY**

Before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue.[1]  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* Accordingly, the Court denies Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

## IV.

Based upon the foregoing, Respondent's Motion to Dismiss is **GRANTED**, Calhoun's petition for writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED**.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: April 9, 2026                           s/Brandy R. McMillion
     Detroit, Michigan                     Hon. Brandy R. McMillion
                                      United States District Judge